UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.

Jose Luis Torres,

    Plaintiff,

vs.

Barreiro's Service LLC,
El Mago's Roofing Corp.,
Dayron Barreiro Valdes
and Merlyn Santos

    Defendants.
_____/

## COMPLAINT

Plaintiff, Jose Luis Torres ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, Barreiro's Service LLC, El Mago's Roofing Corp., Dayron Barreiro Valdes and Merlyn Santos ("Defendant"), and in support thereof avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $75,000, excluding attorneys' fees or costs, for unpaid wages and retaliation under the Fair Labor Standards Act, and The Fair Labor Standards Act (FLSA).

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Defendants Barreiro's Service LLC and El Mago's Roofing Corp. are a joint enterprise authorized to conduct business in Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

4. Defendants Dayron Barreiro Valdes and Merlyn Santos is a corporate officer of, and exercised operational control over the activities of corporate Defendants, Barreiro's Service LLC and El Mago's Roofing Corp.

5. Declaratory, injunctive, legal and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff performed work for Defendants as a laborer from December 2016 to December 1, 2022.

8. Plaintiff worked approximately 84 hours per week and only paid his regular rate of $15.00 per hour for each hour worked.

9. Plaintiff was also deducted an amount from his pay which Defendant's used to pay for the Defendant's workers compensation insurance.

10. This was an illegal deduction as on some weeks it caused Plaintiff to be paid less than minimum wage for certain hours in that week.

11. On December 1, 2022 Plaintiff, who had complained in the past, again complained about the failure to pay overtime properly and of the illegal deductions to Dayron Barreiro and Merlyn Santos.

12. Plaintiff was terminated the same day he complained due to his repeated complaints.

13. At all times material hereto, Defendants had or should have had full knowledge of all hours worked by Plaintiff.

14. Plaintiff worked numerous hours for which he was not properly compensated, including those hours worked in excess of forty in a given workweek.

15. Defendants are joint employers of Plaintiffs and also run a joint enterprise in which both corporations and their officers jointly had the ability to control the Plaintiff's work, schedules, pay rates, and could hire and fire Plaintiffs.

## COUNT I
### *Wage & Hour Federal Statutory Violation against Barreiro's Service LLC and El Mago's Roofing Corp.*

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

17. This action is brought by Plaintiff to recover from the Defendants unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

18. At all times pertinent to this Complaint, Defendants had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

19. Upon information and belief, at all times material hereto, Defendants' annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

20. By reason of the foregoing, the Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendants' business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendants likewise affects interstate commerce.

21. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

22. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendants:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiffs actual damages in the amount shown to be due for unpaid wages and unpaid overtime wage compensation for hours worked in excess of forty (40) each week, with interest;

   C. Award Plaintiffs an equal amount in double damages/liquidated damages;

   D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
*Wage & Hour Federal Statutory Violation against Dayron Barreiro Valdes and Merlyn Santos*

22. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 15

of this complaint as if set out in full herein.

23. At the times mentioned, Defendants were, and are now, a corporate officer of corporate Defendants Barreiro's Service LLC and El Mago's Roofing Corp.

24. Defendants were an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that these individual Defendants acted directly in the interests of Defendants employer in relation to the employees of Defendant employers, including Plaintiffs.

25. As corporate officers, Defendants possessed the authority to make financial and other employment-related decisions on behalf of the corporation including, but not limited to, those decisions regarding the hiring and firing of employees, classification of employees, assignment of work duties, and payment of wages. Defendants had operational control of the business and is thus jointly liable for Plaintiff's damages.

26. Defendants willfully and intentionally refused to properly pay Plaintiff's wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiffs' employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime wages for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT III
*FMWA Violation against Barreiro's Service LLC and El Mago's Roofing Corp.*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

28. This action is brought by Plaintiff to recover from the Defendants unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA.

29. Defendant's business activities involve those to which the FMWA applies.

30. Plaintiff is a working Floridian entitled to the protections of the FMWA.

31. At all times pertinent to this Complaint, Defendants had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

32. Upon information and belief, at all times material hereto, Defendants' annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendants named herein, or which are as of yet unknown but will be revealed through further discovery.  To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendants, and for common business purposes related to the work performed by Plaintiff for Defendant.

33. By reason of the foregoing, the Defendants is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendants' business activities involve those to which the FLSA and FMWA apply. The Plaintiff's work for the Defendants likewise affects interstate commerce.

34. Plaintiff seeks to recover for unpaid minimum wages accumulated from the date of hire and/or from five (5) years from the date of the filing of this complaint. Florida's hourly minimum wage.

35. Defendants knew and/or showed reckless disregard of the provisions of the FMWA concerning the payment of minimum wages as required by the FMWA and remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants has violated the FMWA and has done so willfully, intentionally and with reckless disregard for Plaintiff rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
*FLSA Retaliation against Barreiro's Service LLC and El Mago's Roofing Corp.*

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 15 of this complaint as if set out in full herein.

37. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

38. Defendants' conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

39. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaints regarding unpaid wages.

40. Defendants' conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendants:

A. Adjudge and decree that Defendants has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendants for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiffs demands trial by jury of all issues triable as of right by jury.

Dated: July 14, 2023                                   Respectfully submitted,

/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Fla. Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000