**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

Case No.   0:23-cv-61346-AHS

JOSE LUIS TORRES,

    Plaintiff,
vs.

BARREIRO'S SERVICE LLC,
EL MAGO'S ROOFING CORP.,
DAYRON BARREIRO
and MERLYN SANTOS,

    Defendants.
_____/

**JOINT SCHEDULING REPORT**

Plaintiff, JOSE LUIS TORRES ("Plaintiff"), and Defendant, BARREIRO'S SERVICE LLC et. al. ("Defendant") (both collectively referred to as the "Parties"), by and through the undersigned attorneys and pursuant to Local Rule 16.1(b)(2), hereby file their Joint Scheduling Report in compliance with the Court's Order, as follows:

**(A)   Likelihood of settlement;**

The parties have not yet engaged in settlement discussions, but will engage in good-faith settlement negotiations as appropriate.

**(B)   Likelihood of appearance in the action of additional parties;**

At this time, the Parties do not anticipate the necessity or desirability of adding parties. If during the course of discovery, grounds for the inclusion of additional parties is discovered, the parties have agreed upon a deadline of November 17, 2023.

**(C)   Proposed limits on time:**

      i. **To join other parties and to amend pleadings:** November 17, 2023

      ii. **To file and hear motions:** April 5, 2024

      iii. **To complete discovery:** March 8, 2024

**(D)** **A proposal for the formulation and simplification of issues, including the elimination of frivolous claims or defenses;**

Counsel shall meet before the Pretrial Conference or Calendar Call to discuss proposals for formulating and simplifying the issues. Otherwise, none at this time.

**(E)** **The necessity or desirability of amendments to the pleadings;**

At this time, the Parties do not anticipate the necessity or desirability of amendments to the pleadings. If during the course of discovery, grounds for the amendment of pleadings is discovered, the parties have agreed upon a deadline of November 17, 2023.

**(F)** **A discussion of possible admissions of fact; of possible stipulations regarding the authenticity of documents; and of the need for advance rulings from the Court on the admissibility of evidence;**

The Parties agree to cooperate in developing pretrial stipulations to facts, admissibility of exhibits, and agree to file all motions *in limine* regarding seeking advance rulings from the Court regarding the admissibility of evidence, and all other matters, by July 12, 2024.

**(G)** **Suggestions for the avoidance of unnecessary proof and of cumulative evidence;**

The Parties agree to cooperate in developing pretrial stipulations to avoid unnecessary proof and cumulative evidence, including the stipulation to undisputed facts, where appropriate.

**(H)** **Suggestions for the advisability of referring matters to a Magistrate Judge or master;**

The parties agree to the referral of this case for a settlement conference with the Magistrate Judge to attempt an early resolution of some or all of the issues. The parties further agree to refer discovery motions to a Magistrate Judge for resolution.

**(I)     A preliminary estimate of the time required for trial; and**

The Parties anticipate the trial will require three (3) to four (4) trial days due to the need for interpreters, the issues, and the number of potential witnesses involved.

**(J)     Any other information that might be helpful to the Court.**

None at this time.

**(K)     <u>Any Issues Regarding:</u>**

1. **Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in which it Should be Produced.**

The Parties agree that ESI may that is subject to discovery or disclosure. Such ESI will be identified and preserved in native format; however, the initial production of such documents will be in searchable .pdf or .tiff format unless specifically requested otherwise. The Parties agree that there is no obligation to make documents / ESI searchable which are not currently preserved in a searchable format.

The parties anticipate that they will exchange electronically stored information relating to Plaintiff's days and hours worked, pay, and communications in both paper and electronic formats, to the extent it exists. The electronic formats are likely to include those that are capable of being opened by Microsoft Word, Microsoft Excel, and/or through Adobe. With regard to e-mails or searchable ESI for which either party has the technical capability to conduct a search, the parties shall agree on search terms that are calculated to lead to relevant evidence, including evidence which may not be admissible but is relevant or could lead to relevant evidence. The parties agree that such discussions may be used in connection with any motion to compel.

The parties agree that that depositions in this case may be conducted remotely via video conferencing (or telephonic conferencing if video conferencing is not reasonably available). For a remote deposition, the deponent must appear via video, which will require an internet-enabled device with a microphone or camera, and a stable internet connection. The parties further stipulate that these remote depositions will be considered to have taken place in the Southern District of Florida. Other than as required by specifically designated court reporting personnel, all means of photographing, audio- or video- recording of these

proceedings is prohibited.

   **2. Claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

If information called for during discovery is itself privileged, it need not be disclosed. However, the existence of the information and any non-privileged information called for must be disclosed in a privilege log. A privilege log shall be prepared with respect to all items withheld on the basis of a claim of privilege or work product protection, except the following: written communications between a named party and its trial counsel after commencement of the action filed. When a claim of privilege or work product protection is asserted, the party asserting the privilege or protection shall provide the following information with respect to each such item in the form of a privilege log: the type of item; the date of the item; the author of the item; whether or not the author is a lawyer; each recipient of the item; and the privilege asserted.

If information is inadvertently produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing party must preserve the information until the claim is resolved.

The parties will address the necessity of asserting claims of privilege or protection for disclosed trial-preparation materials when the issue becomes ripe.

   **3. When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist**

The parties do not anticipate that the ESI at issue in this case will require the parties to utilize the ESI Checklist.

**(L)   Any Other Information that Might be Helpful to the Court in Setting the Case for Status or Pretrial Conference**

None at this time, although there are pattern jury instructions applicable to actions for unpaid minimum wages, overtime wages, and retaliation under the FLSA. There is no need for variance from the discovery limitations imposed by the Local Rules and/or the Federal Rules of

Civil Procedure.

| | |
|---|---|
| By: /s/ Elvis J. Adan | By: */s/Brian H. Pollock, Esq.* |
| Elvis J. Adan, Esq. | Brian H. Pollock. (174742) |
| Fla. Bar No.: 24223 | brian@fairlawattorney.com |
| GALLARDO LAW OFFICE, P.A. | FAIRLAW FIRM |
| 8492 SW 8th Street | 135 San Lorenzo Avenue |
| Miami, Florida 33144 | Suite 770 |
| Telephone: (305) 261-7000 | Coral Gables, FL 33146 |
| Email: elvis.adan@gallardolawyers.com | Tel:    305.230.4884 |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day of August 29, 2023, a true and correct copy of the foregoing was filed with the Clerk of Southern District of Florida by using via CM/ECF, which will send an automatic e-mail message to all parties registered with the e-Filing Portal system.

/s/ Elvis J. Adan

Elvis J. Adan, Esq.

Fla. Bar No.: 24223