UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-61346-SINGHAL/VALLE

JOSE LUIS TORRES,

    Plaintiff,

v.

BARREIRO'S SERVICE LLC,
EL MAGO'S ROOFING CORP.,
DAYRON BARREIRO, AND
MERLYN SANTOS,

    Defendants.
_____/

## **DEFENDANTS' RESPONSE TO STATEMENT OF CLAIM**

Defendants, Barreiro's Service LLC, El Mago's Roofing Corp., Dayron Barreiro, and Merlyn Santos, pursuant to the Court's Order Requiring Scheduling Report, Statement of Claim and Response, and Referral to Magistrate Judge for Settlement Conference [ECF No. 7], respond to the Statement of Claim [ECF No. 10] and Amended Statement of Claim [ECF No. 13] filed by Plaintiff, Jose Luis Torres, as follows:

### *Preliminary Statement*

This Response to the Statement of Claim is a case management tool required by the Court. *See Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) ("That document is an extra-Rules practice used by the district court for its convenience and to aid in case management. It does not have the status of a pleading and it is not an amendment under Rule 15 of the Federal Rules of Civil Procedure.") Accordingly, Defendants do not limit their available defenses to those identified herein, as the legal defenses are asserted in the operative Answer and Affirmative Defenses. [ECF No. 12.]

## *Response to Statement of Claim*

1. Plaintiff overestimated his claim for overtime wages by representing that he worked 84 hours a week, which amounts to 12 hours per day for 7 days a week.

2. Plaintiff did not work 84 hours/week and did not work 7 days a week.

3. Plaintiff did not work more than 40 hours in one or more workweeks.

4. Plaintiff received at least the applicable Florida and federal minimum wages for all time worked. If Defendants deducted $60/week from Plaintiff's paycheck, and if Plaintiff earned $15/hour for each hour he worked, then Plaintiff still would have received more than the applicable Florida minimum wage.

5. Plaintiff never complained to the Defendants or their employees about not being paid overtime wages or receiving less than the applicable federal or Florida minimum wages.

6. Defendants did not terminate Plaintiff's employment because of or in response to any complaint about his alleged failure to receive overtime wages, but for one or more legitimate, no-retaliatory business reasons.

7. Plaintiff improperly included the time he spent as a passenger as work time since home-to-work travel is not compensable time under the FLSA. *Roman v. Tyco Simplex Grinnell*, 732 Fed. Appx. 813, 817 (11th Cir. 2018) ("For example, 'traveling to and from the actual place of performance of the principal activity' of an employee is not compensable.") (*quoting* 29 U.S.C. § 254(a)(1).)

8. Plaintiff is not entitled to any minimum or overtime wages for the time he engaged in his own affairs and/or affairs not primarily for the benefit of one or more of the Defendants but for which he was or seeks to be paid.

9. Defendants are entitled to a setoff for any wages or damages due to Plaintiff for any/all loans, premium compensation, overpayments, bonuses, compensatory time off, or other

job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff as an advance.

10. To the extent that Plaintiff performed work without Defendants' actual and/or constructive knowledge, he is not entitled to recovery for such time.

11. Plaintiff is not entitled to minimum or overtime wages with respect to all times during which he was waiting to be engaged.

12. Plaintiff is not entitled to minimum or overtime wages for any bona fide break or meal period(s) of 15 minutes or more.

13. Recovery under the operative Complaint is barred, in whole or in part, with respect to all times during which Plaintiff was engaged in activities that were preliminary or postliminary to his principal activities.

14. Plaintiff's claim for unpaid minimum or overtime wages pursuant to the FLSA is limited to recovery for the applicable limitations period.

15. Plaintiff cannot recover both liquidated damages and interest if Plaintiff prevails on his FLSA overtime claim.

16. Plaintiff cannot recover liquidated damages on amounts other than any unpaid/underpaid minimum or overtime wages.

17. Plaintiff's claim for retaliatory discharge must fail based on the after-acquired evidence rule.

18. The IRCA precludes Plaintiff from recovering back pay or front pay because Plaintiff is an undocumented alien. *Larreal v. Telemundo of Florida, LLC*, 489 F. Supp. 3d 1309, 1326 (S.D. Fla. 2020).

19. Plaintiff failed to mitigate his damages, so any damages he seeks for his retaliatory discharge claim must be reduced accordingly.

Dated this 28th day of September, 2023.

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884
*Counsel for Defendants*
