UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-CV-61346-SINGHAL/VALLE

JOSE LUIS TORRES,

    Plaintiff,

v.

BARREIRO'S SERVICE LLC,
EL MAGO'S ROOFING CORP.,
DAYRON BARREIRO, AND
MERLYN SANTOS,

    Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS**

    Defendants, Barreiro's Service LLC, El Mago's Roofing Corp., Dayron Barreiro, and Merlyn Santos, pursuant to Fed. R. Civ. P. 8 and 12, 29 U.S.C. §216(b), Fla. Stat. §448.110, and other applicable Rules and laws request the Court to dismiss the Complaint [ECF No. 1] based upon the following good cause:

## I. INTRODUCTION

    The Complaint must be dismissed because it is a shotgun pleading that comingles claims and improperly lumps multiple Defendants into each claim, making the Complaint a garbled mess and violative of the Federal Rules of Civil Procedure. Besides the way it was pled as requiring dismissal, Plaintiff also failed to do more than allege in a conclusory manner how or why the Defendants were subject to the FLSA, were employers under the FLSA, were joint employers or a joint enterprise, or how he satisfied the procedural requirements to proceed with a claim under Fla. Stat. §448.100. The Complaint is, therefore, properly dismissed.

## II.  FACTUAL/PROCEDURAL HISTORY

1. The Plaintiff filed a shotgun pleading that comingles claims and allegations in his Complaint [ECF No. 1]:

   a. Paragraph 3 – comingles both corporate defendants.

   b. Paragraph 4 – comingles both individual defendants.

   c. Fails to include any information regarding the Plaintiff (i.e., whether he is a resident of Miami-Dade County or if he is within the jurisdiction of this Court).

   d. Although Plaintiff alleges that he worked for Defendants from December 2016 through December 1, 2022, he does not distinguish exactly which Defendant he worked for, when, or the nature of his work.

   e. Count I combines separate claims regarding overtime and minimum wage claims under the FLSA into one Count against both corporate defendants.

   f. Paragraphs 18 and 19 are unintelligible in that Plaintiff uses the both singular "Defendant" and the plural "Defendants," making it is impossible to distinguish to which Defendant the Plaintiff is referencing.

   g. Paragraph 19 – Plaintiff references a "yet unknown" corporate Defendant that "will be revealed through further discovery" in order to establish the annual gross revenue in excess of $500,000 requirement under the FLSA.

   h. Count III likewise comingles the corporate Defendants, uses "Defendant" and "Defendants" interchangeably, and references the elusive "yet unknown" defendants.

   i. Count II comingles the individual Defendants.

   j. Count IV again comingles the corporate Defendants.

2. In addition, the Plaintiff fails to allege that prior to filing the lawsuit to include a claim under the FMWA he sent a letter to each of the Defendants in compliance with Fla. Stat. §448.110.

### III.  STANDARD FOR MOTION TO DISMISS

The Eleventh Circuit Court of Appeals analyzed the standard of pleading applicable to claims and recognized that complaints must not simply rely on vague facts or a formulaic recitation of the elements of a cause of action in order to withstand a motion to dismiss.

> Fed.R.Civ.P. 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

*Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). The *Cigna Corp.* Court then went on to discuss how *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), changed the standard of pleading by requiring more factual details instead of simply relying on conclusory, vague allegations:

> The Court explained that "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555, 127 S.Ct. at 1965. The Court ultimately held that **to survive a motion to dismiss, a complaint must now contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."** *Id.* at 570, 127 S.Ct. at 1974. Cautioning that its new plausibility standard is not akin to a "probability requirement" at the pleading stage, the Court nonetheless held that **the standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the claim**. *Id.* at 556, 127 S.Ct. at 1965. The Court was careful to note that "we do not require heightened fact pleading of specifics," but concluded that when plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id.* at 570, 127 S.Ct. at 1974.

*Cigna Corp.*, 605 F.3d at 1289 [*emphasis added*]. The Court then discussed how the United States Supreme Court's subsequent decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), further modified the standard of pleading:

> In evaluating the sufficiency of Iqbal's complaint in light of *Twombly*'s construction of Rule 8, the Court explained the "working principles" underlying its decision in that case. *Id.* at 1949. First, the Court held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Second, restating the plausibility standard, the Court held that **"where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not 'show [n]'—'that the pleader is entitled to relief**.' " *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). The Court suggested that courts considering motions to dismiss adopt a "two-pronged approach" in applying these principles: 1) **eliminate any allegations in the complaint that are merely legal conclusions**; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine **whether they plausibly give rise to an entitlement to relief**." *Id.* Importantly, the Court held in *Iqbal*, as it had in *Twombly*, that courts may infer from the factual allegations in the complaint "obvious alternative explanation[s]," which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *Id.* at 1951–52 (quoting *Twombly*, 550 U.S. at 567, 127 S.Ct. at 1972). Finally, the Court in *Iqbal* explicitly held that the *Twombly* plausibility standard applies to all civil actions, not merely antitrust actions, because it is an interpretation of Rule 8. *Id.* at 1953.

*Cigna Corp.*, 605 F.3d at 1290. The Court considers the allegations levied by Plaintiff as true, and draws all inference in Plaintiff's favor. *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008); and *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1331 (11th Cir. 2000).

In order to assert a claim under the FLSA, a Plaintiff must set forth "factual allegations about the nature" of Plaintiff's work (to invoke individual coverage) or "the nature" of the employer's business (to invoke enterprise coverage). *See e.g.*, *Ceant v. Aventura Limousine & Transp. Serv.*, Inc., 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012). This means that to allege FLSA coverage, a Plaintiff is required to assert "straightforward allegations connecting that work [done by Plaintiff or the employer] to interstate commerce." *Id.*, at 1378. Then, to allege that an individual employed

the Plaintiff, he must allege the nature of his work or the nature of Defendants' businesses. *See Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1377 (S.D. Fla. 2012).

## IV.  ARGUMENT

**A.     <u>The Complaint Is A Shotgun Pleading That Violates Fed. R. Civ. P. 8.</u>**

The Complaint must be dismissed because it is a "shotgun" pleading, which is prohibited under the pleading requirements imposed by Fed. R. Civ. P. 8(a)(2) and 10(b). *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-96 (11th Cir. 2018) (discussing dismissal of "shotgun" pleadings for violating Rule 8 in the context of Rule 12(b)(6) motions); *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) (along with violating Rule 8, "shotgun" pleadings violate the pleading requirements of *Ashcroft v. Iqbal*.); see also Fed. R. Civ. P. 10(b) ("each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."). As explained in more detail below, the manner in which the Plaintiff pled his claim, which included comingling separate claims and multiple Defendants into single Counts, makes the Complaint an unmanageable pleading that must be repled because there is no way to formulate a cogent response.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). In *Weiland*, the Eleventh Circuit Court of Appeals identified four types of shotgun pleadings.

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint.

> [*fn. omitted.*] The next most *1322 common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. [*fn. omitted.*] The third type of *1323 shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. [*fn. omitted.*] Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. [*fn. omitted.*]

*Weiland*, 792 F.3d at 1321–23. The Complaint is a shotgun pleading because it falls into the third and fourth categories.

1. <u>The Complaint violates Rule 8 because each Count is directed against multiple Defendants instead of directing each Count to a separate/single Defendant.</u>

Every Count of the Complaint is directed against multiple Defendants. [ECF No. 1.] "When a complaint indiscriminately lumps defendants together, it fails to comply with Rule 8." *Fox vs. Loews Corporation*, 309 F.Supp.3d 1241, 1249 (S.D. Fla 2018) (*citing Lane vs. Capital Acquisitions & Management Co.*, 2006 WL 4590705 (S.D. 2006) ("[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Complaint fails to satisfy the minimum standard of Rule 8"). While a complaint against multiple defendants may be "read as making the same allegation against each defendant individually, "the factual allegations must give each defendant 'fair notice' of the nature of the claim and the 'grounds' on which the claim rests;" citations omitted)). The Plaintiff sued two companies and two individuals in each Count, without alleging which individual relates to which company. [ECF No. 1 at ¶4.] This problem, which is only magnified throughout the Complaint, fails to allow the Defendants to know who is alleged to have done what and in relation to which company.

2. <u>Count III of the Complaint improperly comingles an FLSA overtime and FLSA minimum wage claims into Count I.</u>

The FLSA provides employees with separate causes of action to pursue claims involving the failure to pay overtime and the failure to pay at least the federal minimum wage of $7.25 per hour. To establish a prima facie violation of the FLSA, a plaintiff must allege "as a matter of just and reasonable inference that the wages paid to him did not satisfy the requirements of the FLSA." *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 475 n.2 (11th Cir. 1982); *Rance v. Rocksolid Granit USA, Inc.*, 292 Fed. App'x 1, 2 (11th Cir. 2008) (citations omitted). *Commings v. Orange Lake Country Club*, No. 612CV397ORL19KRS, 2012 WL 13136502, at *2 (M.D. Fla. July 6, 2012). To establish a prima facie case for failure to pay overtime wages under the FLSA, an employee must allege: (1) an employment relationship; (2) that the employer engaged in interstate commerce; and (3) that the employee worked over forty hours per week but was not paid overtime wages. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). *Commings* at *3.

Paragraph 28 of Plaintiff's Complaint reads as follows:

28. This is an action brought by Plaintiff to recover from the Defendants unpaid. Minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FMWA.

[ECF No. 1].

This is the extent of the information Plaintiff alleges to support his claim. An FLSA overtime claim is a distinct cause of action and involves separate proofs than a claim for minimum wages under the FLSA, as each violation is of a separate statutory provision.

[T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. *See* 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that

might require more extensive pleading. *See Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir.2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred). *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). *See also Hutson v. Rent-A-Ctr., Inc.*, 209 F. Supp. 2d 1353 (M.D. Ga. 2001), aff'd, 37 F. App'x 980 (11th Cir. 2002) (Employee's allegation that he was not paid at all for overtime hours worked, not even minimum wage, did not state minimum wage claim under the FLSA. Fair Labor Standards Act of 1938, § 6, 29 U.S.C.A. § 206.).

Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates ... [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *Ray v. Adams & Assocs., Inc.*, 599 F. Supp. 3d 1250, 1255 (S.D. Fla. 2022) (internal citation and footnote omitted). Of particular note, Plaintiff interchangeably uses the terms "Defendant" and "Defendants." Thus, along with muddling the overtime and minimum wage claims, Defendants are unable to determine to whom or which corporate Defendant refers since they use both the singular and plural when referring to the Defendants. Moreover, in paragraph 32 of the Complaint, alleges "related to the work performed by Plaintiff for Defendant." [ECF No. 1]. Defendants are unable to form an intelligent response as they cannot tell whether Plaintiff refers to work performed for Barreiro's Service, LLC or El Mago's Roofing Corp.

The FLSA requires the payment of at least the minimum wage at 29 U.S.C. §206, while it requires the payment of overtime wages at 29 U.S.C. §207. The FLSA then provides a cause of action at 29 U.S.C. §216(b), wherein it provides as follows in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

Each of these claims – for unpaid minimum wages and for unpaid overtime wages – is a separate cause of action that requires different proofs and different counts. *See Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (Plaintiffs' complaint is a "shotgun" pleading in that it lumps multiple claims together in one count and, moreover, appears to support a specific, discrete claim with allegations that are immaterial to that claim.")(*citing Byrne v. Nezhat*, 261 F.3d 1075, 1128–32 (11th Cir.2001)). The failure to pay overtime wages is a separate claim and separate occurrence from the failure to pay at least a minimum hourly wage (especially when founded upon what Plaintiff claims are improper deductions from his pay). Fed. R. Civ. P. 10(b). The "Wherefore" clauses contained at the ends of Counts I and III state that Plaintiffs seek "actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty hours weekly, with interest." *See* D.E. 5 at 5, 10. In discussing the need to separate overtime from minimum wage claims, this Court previously held as follows:

> Although Plaintiffs briefly mention "minimum wages" in the Amended Complaint, the Court is uncertain whether Plaintiffs seek to bring a separate claim for minimum wage or whether they merely seek to assert claims for overtime wages only. For this reason, if Plaintiffs choose to file a second amended complaint to cure the pleading deficiencies relating to "interstate commerce," they shall also clarify whether they seek to bring claims for minimum wages *and* overtime wages or for just overtime wages. If Plaintiffs wish to bring claims for minimum wages, they shall allege how many hours that they worked for which they did not receive minimum wages as well as the duties performed during regular work hours. *See Vierra*, 2010 WL 4867557 at *3 (noting that "it is the workweek as a whole rather then each individual hour within a workweek that is the relevant unit for determining

compliance with the minimum wage requirement.") (citations and internal quotation marks omitted).

*Calliste-Ricketts v. King of Fans, Inc.*, 2012 WL 12886630, at *4 (S.D. Fla. Nov. 14, 2012). By failing to separate plead his claims for alleged unpaid overtime wages from those involving the alleged failure to pay at least the federal minimum wage, Plaintiff improperly comingled separate claims, requiring dismissal.

**B.** **Plaintiff's Florida Minimum Wage Act Claim Must Be Dismissed.**

Section 448.110, Florida Statutes, "…is in derogation of the common law rule that each party is responsible for its own fees." *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015) (in discussing Fla. Stat. §768.79 and Fla. R. Civ. P. 1.442.) A Florida statute awarding attorneys' fees is in derogation of the common law of Florida and must be "strictly construed." *Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960, 963 (11th Cir. 2023); *see also Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003) ("statute and rule are in derogation of the common law rule that each party pay its own fees" were required to be "strictly constructed") (*citing Major League Baseball v. Morsani*, 790 So.2d 1071, 1077–78 (Fla.2001) ("[A] statute enacted in derogation of the common law must be strictly construed...."); *Dade County v. Pena*, 664 So.2d 959, 960 (Fla.1995) ("[I]t is also a well-established rule in Florida that 'statutes awarding attorney's fees must be strictly construed.' *Gershuny v. Martin McFall Messenger Anesthesia Professional Ass'n*, 539 So.2d 1131, 1132 (Fla.1989).")) "As a fee-shifting statute in derogation of the common law, [§448.110] is 'strictly construed.'" *Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960, 963 (11th Cir. 2023) (*quoting Campbell v. Goldman*, 959 So. 2d 223, 226 (Fla. 2007).)

Section 448.110(6), Florida Statutes, imposes a mandatory condition precedent on persons seeking to enforce the FMWA:

> [P]rior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.

In *Epsilantis v. Scozzari Roof Services Contracting & Consulting Inc.*, 2021 WL 10725013, at *5 (S.D. Fla. Nov. 19, 2021), the Court determined that the FMWA was not unconstitutional or preempted by the FLSA and required the pre-suit notice letter to strictly comply with Fla. Stat. §448.110(6) as a condition precedent to pursuing a claim under the FMWA.

With regard to notice, the FMWA specifically requires that a claimant provides it before pursuing a claim in court:

> (6)(a)   Any person aggrieved by a violation of this section may bring a civil action in a court of competent jurisdiction against an employer violating this section or a party violating subsection (5). However, prior to bringing any claim for unpaid minimum wages pursuant to this section, the person aggrieved **shall notify the employer** alleged to have violated this section, in writing, of an intent to initiate such an action. The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.
>
> (b)   The employer shall have 15 calendar days after **receipt** of the notice to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved. The statute of limitations for bringing an action pursuant to this section shall be tolled during this 15-day period. If the employer fails to pay the total amount of unpaid wages or otherwise resolve the claim to the satisfaction of the person aggrieved, then the person aggrieved may bring a claim for unpaid minimum wages, the terms of which must be consistent with the contents of the notice.

*See* FMWA, Fla. Stat. §448.110(6)(a) and (b)(emphasis added). The plain language of the statute requires that the employer receive actual notice and that the employer be in receipt of the notice.

Because Plaintiff did not serve a pre-suit letter in compliance with the Fla. Stat. §448.110 requirements, his claim at Count III must be dismissed with prejudice.

### C. The Complaint Fails To Allege Facts And Is Instead Based On Legal Conclusions.

Plaintiff alleges little more than legal conclusions in the Complaint about the existence of a "joint enterprise," whether Defendants engaged in interstate commerce, that they "employed" the Plaintiff, and that he complied with all conditions precedent. The failure to allege facts requires the dismissal of the Complaint.

> "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). As a corollary, allegations absent supporting facts are not entitled to this presumption of veracity. *Id.* at 681.
>
> When evaluating a motion to dismiss, the Court must take all of the well-pled factual allegations as true. *Id.* at 664. However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 663. And, the Court's duty to accept the factual allegations in the complaint as true does not require it to ignore specific factual details "in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). The Court must dismiss a complaint that does not present a plausible claim demonstrating entitlement to relief.

*Benitez-Fajardo v. Seafood on the Table, Inc.*, 2013 WL 12124621, at *2 (S.D. Fla. Nov. 19, 2013). Much like the Complaint considered in *Benitez-Fajardo*, the one at bar does little more than offer threadbare conclusions unsupported by fact, dooming it to the same fate of dismissal.

The facts of this case also are analogous to the facts of *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373 (S.D. Fla. 2012). In *Ceant*:

> Ceant attempts to assert both individual and enterprise coverage by alleging that his employers are "an 'enterprise engaged in commerce' within the meaning of [the] FLSA"; that they are "an enterprise engaged in the 'production of goods for commerce' within the meaning of the FLSA"; that "upon information and belief," his employers had gross annual revenues in excess of $500,000 during the relevant time periods; that Ceant was both "engaged in commerce" and "engaged in the 'production of goods for commerce' and subject to the individual coverage of the FLSA." Compl. ¶¶ 10–14. These are the only allegations relating to whether Ceant is "covered" by the FLSA.

***

> [w]hile Ceant is correct in principle, the Court finds that he has not properly pled either individual or enterprise coverage here. The primary problem is that the Complaint provides no factual allegations about the nature of Ceant's work or the nature of Aventura Limousine's business. Although Ceant alleges he worked as a driver, see Compl. ¶ 17, nowhere in the Complaint does he say the nature of his work as a driver and whether it involved a connection to interstate commerce. Nor does the Complaint allege what kind of transportation services Aventura Limousine provides to customers or whether such services are tied to interstate commerce. As a result, dismissal without prejudice is required. See, e.g., Perez v. Muab, Inc., 2011 WL 845818, at *3 (S.D.Fla. Mar. 7, 2011) (Cohn, J.) ("Plaintiff alleges only that 'during her employment with [defendant], she was engaged in commerce or in the production of goods for commerce.' This is a mere recitation of the statutory language.") (citation omitted).

*Ceant* at 1377.

Likewise, Plaintiff merely alleges that he was a laborer and uses the same boilerplate language as *Ceant*. Plaintiff did not elaborate on the nature of his work, nor did he allege what kinds of businesses Barreiro's Service LLC and El Mago's Roofing Corp. engaged in, what services they provide to customers, and whether such services are tied to interstate commerce. Moreover, Plaintiff references a "yet unknown" corporate defendant to establish enterprise coverage. [ECF No. 1, ¶¶ 19, 32].

Count I is not sufficiently pled to satisfy the "engaged in commerce" requirement. Plaintiff uses boilerplate language and ends paragraph 31 of the Complaint that Defendant…otherwise regularly engages in interstate commerce, particularly with respect to its employees.  First, again, "Defendant" was used in the singular form.  Thus, Count I is not properly pled.

> "For individual coverage to apply under FLSA, [the plaintiff] must [ ] provide[ ] evidence ... that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce." Thorne, 448 F.3d at 1266 (citing 29 U.S.C. § 207(a)(1)). "[F]or an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel." Id. (citation omitted).

*Ray* at 1256.

Compounding all of this, Plaintiff summarily claims that they were a "joint enterprise" but alleges no actual facts in support thereof. To allege a "joint enterprise," the Plaintiff is required to allege that the corporate Defendants "performed related activities and shared common control." *Amadon v. Delivery Dudes, LLC*, 2017 WL 7792707, at *4 (S.D. Fla. Mar. 3, 2017). Plaintiff did not and alleges that all of the Defendants are "joint employers" and run a "joint enterprises" because they "had the ability to control Plaintiff's work, schedules, pay, and could hire and fire Plaintiffs." [ECF No. 1 at ¶15.] Of course, "The unrestrained commingling of both the Corporate Defendants and the Individual Defendants into a single reference, 'Defendants,' is improper without additional allegations establishing the propriety of the same." *Attai v. Delivery Dudes, LLC*, 2016 WL 828816, at *4 (S.D. Fla. Mar. 3, 2016). In dismissing the Complaint, this Court held that "Review of the Complaint reveals that it is utterly lacking in any allegations which concern the relationship between the various Defendants." *Attai*, 2016 WL 828816, at *5.

By alleging mere legal conclusions instead of facts, Plaintiff failed to sufficiently allege a cause of action against any of the Defendants, requiring dismissal under *Iqbal* and *Twombly*. Accordingly, the Complaint is properly dismissed.

## IV. CONCLUSION

Plaintiff's Complaint must be dismissed as a shotgun pleading that comingles claims and parties and is filled with legal conclusions instead of facts. The Complaint also asserts a claim under the FMWA despite failing to comply with the statutory prerequisite imposed by Fla. Stat. §448.110. Substantively, Plaintiff alleged legal conclusions instead of the nature of his work or the nature of Defendants' businesses, interchangeably used the terms "Defendants" and "Defendant," and

served an overall unintelligible pleading upon Defendants. The Complaint does not allow Defendants to fashion a meaningful response and is properly dismissed.

Respectfully submitted this 10th day of October 2023,

                s/Brian H. Pollock, Esq.
                Brian H. Pollock, Esq.
                Fla. Bar No. 174742
                brian@fairlawattorney.com
                FAIRLAW FIRM
                135 San Lorenzo Avenue
                Suite 770
                Coral Gables, FL 33146
                Tel:    305.230.4884
                *Counsel for Defendants*