**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 0:23-CV-61346-SINGHAL/VALLE**

JOSE LUIS TORRES,

   Plaintiff,

vs.

BARREIRO'S SERVICE LLC,
EL MAGO'S ROOFING CORP.,
DAYRON BARREIRO VALDES,
and MERLYN SANTOS,

   Defendants.
_____/

## <u>RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>

   Plaintiff, JOSE LUIS TORRES ("Plaintiff"), by and through undersigned counsel, hereby opposes the Motion to Dismiss filed by Defendants, BARREIRO'S SERVICE LLC, EL MAGO'S ROOFING CORP., DAYRON BARREIRO VALDES, and MERLYN SANTOS (collectively, "Defendants"), and in support states as follows:

  1. This is an action for unpaid wages pursuant to the Fair Labor Standards Act and the Florida Minimum Wage Act.

  2. At bar, instead of answering the well-pled allegations in Plaintiff's Complaint, Defendant seeks dismissal on the basis that the Complaint is a shot-gun pleading.

  3. Defendant's arguments, nonetheless, ignore clear statutory language and established legal precedent, and its application to the claims alleged

  4. As will be set forth fully below, Defendant's arguments are simply without merit and their Motion is due to be **<u>DENIED</u>** in its entirety.

## MEMORANDUM OF LAW

### A.  Applicable Legal Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading requirements of Federal Rules 8 and 12 have been articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Ashcroft* and *Twombly*, the Supreme Court "raised the bar for pleading requirements beyond the old 'no-set-of-facts' standard of *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that prevailed for the last few decades." In doing so, however, it "did not significantly alter notice pleading or impose heightened pleading requirements for all federal claims." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007). Instead, "Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, **not an exposition of [] legal argument[s]**." *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011) (emphasis added).

On a motion to dismiss, the court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). Dismissal is appropriate **only** where plaintiff has failed to provide some basis for the allegations that support the elements of his claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring "only enough facts to state a claim to relief that is plausible on its face").

**B.  The Straight-Forward Allegations In Plaintiff's Complaint Are Sufficient To State Claims Under The FLSA.**

The Eleventh Circuit interpreting pleading standards in relation to Fair Labor Standard Act cases stated as follows:

> A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of We have explained that the Rule 8(a)(2) pleading standard articulated by the Supreme Court in *Twombley* is "one of 'plausible grounds to infer.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). To state a claim with sufficient specificity "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. The rule "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise  a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 1296.
>
> In applying these standards to the FLSA claims in this case, we review the Secretary's complaint to determine whether  its allegations plausibly indicate that *Labbe* failed to pay minimum wage and overtime compensation and failed to keep  employment records as required by FLSA. Unlike the complex antitrust scheme at issue in Twombly that  required allegations of an agreement suggesting conspiracy, **the requirements to state a claim of a FLSA violation are quite straightforward.** The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act. See 29 U.S.C. §§ 206, 207, and 215(a)(2) and (5). There is no need to prove intent or causation that might require more extensive pleading. See *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005) (finding a FLSA complaint sufficient under Rule 8(a)(2) where it identified the employees who were alleged to have worked overtime, described the manner of the employer's repeated violations of the overtime and record-keeping provisions of FLSA, and alleged the time frame in which these violations occurred).

*Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (emphasis added).

The basic premise in the Supreme Court decisions in both *Twombly* and *Iqbal* is that these cases dealt with complex issues such as the Sherman Act and a *Bivens* action which are very fact specific and not straightforward therefore requiring substantial facts to be placed in a complaint. However, as stated above, FLSA cases are straightforward and do not, as such, require the substantial facts necessary to plead claims under the Sherman Act or in a *Bivens* action.

Numerous courts in Florida have adopted or otherwise agreed with the "straight forward" pleading standard espoused in *Labbe*. *See, e.g., Perez v. Trust Security Services, Inc*., Case No. 15-cv-21203 (S.D. Fla. June 8, 2015) (King, J.); *Pardue v. Specialty Engineering Consultants, Inc*., Case No. 14-81143-civ (S.D. Fla. February 10, 2015) (Marra, J.); *Ceant v. Aventura Limousine & Transp. Service*, 874 F. Supp. 2d 1373, 1377-78 (S.D. Fla. 2012) (Scola, J.) ("To be clear, the Court rejects Defendants' call for super detailed factual allegations as to every facet of FLSA coverage. Courts have rejected these arguments before."); *Mitial v. Pepper Snapple Group*, Case No. 11-81172-civ (S.D. Fla. June 29, 2012) (Marra, J.) ("the Court rejects Defendants' argument that Plaintiff must plead with greater specificity the nature of his job duties, the precise number of hours worked in excess of 40 per week, or how he knows Defendants have actual or constructive knowledge of the unpaid overtime hours. The Complaint alleges that Plaintiff worked more than 40 hours per week and was not compensated overtime pay… At this stage of the proceeding, no more is required."); *Anish v. National Securities Corp.,* No. 10-80330-civ, 2010 WL 4065433, *2 (S.D. Fla. Oct. 15, 2010).

Moreover, even though some courts have generally rejected the proposition that *Labbe* expressly creates an alternative or otherwise relaxed pleading standard under the FLSA, those same courts still routinely find that simple, straightforward allegations are sufficient. *See, e.g., Baide v. Sunsof, Inc*., Case No. 14-22255-civ (S.D. Fla. October 7, 2014) (declining to follow *Labbe*, but also finding that pleading dates and the amount of unpaid hours worked was sufficient to meet the *Iqbal* and *Twombly* standards); *Diaz v. U.S. Century Bank,* No. 12-21224, 2012 WL 3597510, n.1 (S.D. Fla. Aug. 20, 2012) (declining to follow *Labbe*, though finding that the plaintiffs had alleged sufficient facts to establish an employment relationship under the FLSA).

In support of the foregoing, and in addition to other cases cited above, courts within this jurisdiction routinely deny motions to dismiss where plaintiffs have made simple and straightforward allegations regarding unpaid overtime claims and FLSA coverage. *Mitial v. Pepper Snapple Group* is instructive:

> Here, [the plaintiff] has alleged that he was an employee covered by the FLSA who worked for Defendants, that Defendants failed to pay him time-and-a-half wages for his overtime hours, and that Defendant was an enterprise engaged in interstate commerce. These allegations are sufficient to give Defendant "fair notice of what the… claim is and the grounds upon which it rests," *Twombly,* 550 U.S. at 555, and thus are sufficiently pled. The Court rejects Defendants' arguments that additional elements for stating a FLSA claim are required.
>
> In so holding, the Court rejects Defendants' argument that Plaintiff must plead with greater specificity the nature of his job duties, the precise number of hours worked in excess of 40 per week, or how he knows Defendants have actual or constructive knowledge of the unpaid overtime hours. The Complaint alleges that Plaintiff worked more than 40 hours per week and was not compensated overtime pay. A "claim for relief for failure to pay minimum wages [or] to provide overtime compensation… under FLSA does not require more." *Secretary of Labor v. Labbe,* 319 F. App'x 761, 764 (11th Cir. 2008). At this stage of the proceeding, no more is required. *Id.; see also Dobbins v. Scriptfleet, Inc.,* No. 11-cv-1923, 2012 WL 601145, *2 (M.D. Fla. Feb. 23, 2012) (denying motion to dismiss while being mindful of the "straightforward" FLSA pleading requirements required by 11th Circuit precedent, *Labbe*); *Spigner v. Lessors, Inc.,* No. 11-cv-420, 2011 WL 1466282, at *2 (M.D. Fla. Apr.18, 2011) (same). To the extent that Defendant seeks Plaintiff's (and potential collective-action members') exact hours, discovery can provide Defendants with such data and the lack of this information is not grounds for dismissal at this initial pleading stage.

*Mitial,* Case No. 11-81172-civ-MARRA (S.D. Fla. June 29, 2012).

*Duarte v. Maldonado Brothers, Inc.* is another example:

> In the Third Amended Complaint, Plaintiffs assert Auto Wax and the Dealer Defendants were enterprises engaged in interstate commerce. Specifically, Plaintiffs allege Defendants had two or more employees, the requisite $500,000 per year in annual gross sales, and regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA. *See* Third Amended Compl. ¶ 2,3. In addition, Plaintiffs allege that they "on a regular and recurrent basis personally handled automotive cleaning, and maintenance products, as well as automobiles originating from outside the state of Florida, as part of their usual job duties. . . ." Third Amended Complaint ¶ 4.

Although Plaintiffs' original complaint lacked sufficient allegations regarding enterprise coverage, the Court finds that Plaintiffs have adequately alleged enterprise coverage under the FLSA. *See Leon v. Tapas & Tintos, Inc.,* No. 14-CV-21133, 2014 WL 5032435 *4 (S.D.Fla. Oct. 7, 2014)(holding that where plaintiffs (dishwashers) alleged they handled goods and materials moved in interstate commerce before they were delivered to the restaurant, FLSA enterprise coverage satisfied).

*Duarte,* Case No. 13-80552-CIV-GAYLES (S.D. Fla. December 1, 2014).

And finally, *O'Hara v. Licciardello's Sanitation Services, Inc.*:

Plaintiffs allege that Defendant was "an organization which sells and and/or markets or transports and/or provides services and/or goods to customers in Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum." (Doc. 1, ¶ 6). Plaintiffs further allege that Defendant was an enterprise engaged in commerce or in the production of goods for commerce, and that the Plaintiffs were individually engaged in commerce within the meaning of Sections 3(r) and 3(s) of 29 U.S.C. § § 203(r) and 203(s). (Doc. 1, ¶ 7). With these allegations, Plaintiffs have sufficiently satisfied the [coverage] element of their FLSA claims.

*O'Hara,* Case No. 5:16-cv-272-Oc-34PRL. (M.D. Fla. July 22, 2016).

In this context, the facts stated in Plaintiff's Complaint are more than sufficient to place Defendants on notice of Plaintiff's claims in this case. For these reasons, Defendants' Motion to Dismiss must be **DENIED** in its entirety.

### C.  **All Defendants Are Joint Employers of Plaintiff and Thus Liable for His Claims for Unpaid Wages.**

Once again Defendants miscomprehend operation of the FLSA, the protections that it provides, and the assumption of liability for violations thereof. 29 U.S.C. § 203(d) provides, in pertinent part, that the term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." The question of whether a particular defendant is an employer under the FLSA is a question of law. *Welch v. Laney*, 57 F.3d 1004 (11th Cir. 1995). "An entity employs a person under the FLSA ... if it suffers or permits the individual to work. An entity suffers or permits an individual to work if, as a matter of economic reality, the

individual is dependent on the entity." *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996). (internal citations and quotations omitted).

An employer under the FLSA may also include a corporate officer or even another employee. *Patel v. Wargo*, 803 F.2d 632, 637-638 (11th Cir. 1986) In *Patel*, the Eleventh Circuit stated that

> "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983) (citing cases). *Accord Donovan v. Grim Hotel Co*., 747 F.2d 966, 972 (5th Cir.1984), *cert. denied*, 471 U.S. 1124, 105 S. Ct. 2654, 86 L. Ed. 2d 272 (1985).

*Id*.; *cf. also Riordan v. Kipiners*, 831 F.2d 690, 694 (7th Cir. 1987) ("'employer' is defined broadly enough under the Fair Labor Standards Act … to permit naming another employee rather than the employer as defendant"); *Muller v. Total Protective Services, Inc*., 2007 U.S. Dist. LEXIS 7245 (M.D. Fla. 2007) ("Under the FLSA, both the corporate employer and the individuals with operational control of the corporation may be jointly and severally liable.").

Here, Plaintiff has sufficiently alleged that both the Corporate and Individual Defendants were all joint employers of Plaintiff and thus liable for his unpaid wage claims. Plaintiff even separated the Individual and Corporate Defendants into separate counts. Though these counts are directed toward multiple Defendants, the straightforward allegations are simple and sufficient to place all Defendants on notice of Plaintiff's very basic claims for unpaid wages. Defendants have failed to demonstrate any bright-line prohibition against directing identical claims toward multiple parties who share liability. Defendants have not identified any legitimate deficiencies in Plaintiff's allegations and therefore their motion to dismiss must be **DENIED**.

**D.      Defendant Ignores Applicable Standards For Pleading Compliance With Conditions Precedent.**

The Court should disregard Defendant's arguments with respect to conditions precedent. "When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff." *Gomez v. Kern,* 2012 WL 1069186 *1 (S.D. Fla. Mar. 29, 2012)(citing *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir. 2008)). "In the instant case, the Court must accept the allegations of the Complaint as true and the Plaintiffs allege that they have performed all conditions precedent to filing an action under the Florida Minimum Wage Act." *Mesa v. Ag-Mart Produce, Inc.,* 2008 WL 2790224 *11 (M.D. Fla. July 18, 2008).

Here, Plaintiff's Complaint clearly states that "[a]ll conditions precedent for the filing of this action before this Court have been met, including the exhaustion of all pertinent administrative procedures and remedies." Comp. ¶ 6. Under Fed. R. Civ. P. 9(c), "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." As such, Defendant's unsupported contentions that Plaintiff has failed to plead this allegation with specificity are wholly misapplied and inapplicable.

Notwithstanding the fact that Plaintiff is not required to provide specific allegations with respect to conditions precedent, he did in fact send presuit notice to Defendants regarding his unpaid wage claims. A true and correct copy of said notice is attached hereto. Defendants arguments that they did not have notice of Plaintiff's claims is frivolous and serves only to waste the Court's time at this early stage of litigation and therefore their motion to dismiss must be **<u>DENIED</u>** in its entirety.

Dated October 24, 2023                   Respectfully submitted,

/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No.: 24223
GALLARDO LAW OFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 24, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Brian H. Pollock, Esq.
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: 305.230.4884

/s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No.: 24223