**Gallardo Law Firm**

CARMEN GALLARDO, ESQ. L.L.M.
JESUS NOVO, ESQ.
NATALIA TIMMONS, ESQ.

MARIA LOPEZ, ESQ.
JEAN PAUL CASTRO, ESQ
Only Attorney Practicing Exclusively
Immigration and Nationality Law

LEISY JIMENEZ, ESQ.
ELVIS J. ADAN, ESQ.
MARIA R. VARGAS, ESQ. L.L.M.
ANNABEL LEYVA ESQ.
LIANIBET MOREJON, ESQ.
IRENE ROMERO, ESQ.
Only Attorney Practicing Exclusively
Immigration and Nationality Law

January 26, 2023

**DELIVERED VIA U.S. MAIL**
EL MAGO'S ROOFING CORP.
6145 Johnson Treet
Hollywood, FL 33024

**Re: WRITTEN DEMAND FOR FAIR LABOR STANDARDS ACT AND RETALIATION.**

        Plaintiff         : Jose Luis Torres
        Defendant     : El Mago's Roofing Corporation
        Date of discharge : December 1, 2022.

To whom it may concern:

Please be advised that our law firm has been retained by Mr. Torres to represent him with respect to the above-mentioned matter arising out of his employment with El Mago's Roofing Corporation (hereinafter referred to as "El Mago"). Based on our preliminary investigation, it is our opinion that El Mago has violated the Fair Labor Standards Act (hereinafter "FLSA"). There is sufficient evidence to prove that El Mago violated the FLSA when it failed to pay Mr. Torres the overtime he worked during his tenure at the company. Furthermore, El Mago unlawfully retaliated against Mr. Torres and terminated his employment in violation of the FLSA. Likewise, I am submitting the following demand for your review to determine if a settlement can be reached in an amicable fashion prior to litigation.

**STATEMENT OF FACTS.**

On or around December 1, 2016, Mr. Torres started working for El Mago as a laborer. Mr. Torres used to work 84 hours per week and was paid for all those hours at his regular rate, which was $15.00 per hour. Furthermore, El Mago used to make unlawful deductions from Mr. Torres' paychecks to pay the company's workers compensation insurance. Mr. Torres complained to his supervisor about these issues. Finally, Mr. Torres was terminated on December 1, 2022, in retaliation for Mr. Torres asserting his rights under the FLSA provisions.

Should this matter proceed to litigation, Mr. Torres will allege several claims of unlawful employment practices. Such claims will include, without limitation, the following:

## A. VIOLATION OF FAIR LABOR STANDARDS ACT 29 C.F.R 553 AND FLORIDA MINIMUM WAGE ACT.

The FLSA is a federal law that sets standards for minimum wage, overtime pay eligibility, record keeping, and child labor standards, affecting full-time and part-time workers in the private sector and in federal, state, and local governments. All employees that hold positions determined to be covered under the mandatory overtime provisions of the FLSA are covered. Under the FLSA covered employers shall pay each of their employees' wages at a rate not less than the minimum wage. Further, eligible employees must be compensated with overtime pay or compensatory time for all hours worked over forty (40) in a single workweek. The FLSA requires that covered employees receive not less than one and one-half times their regular rates of pay per hour worked in excess of the applicable maximum hours standard.

Mr. Torres worked eighty-four (84) hours per week without receiving the federal mandatory rate for overtime hours. Pursuant to the FLSA, he may bring a civil action in a court of law against your company to recover back wages plus damages and attorney's fees as a result of the violation of a federal law.

The evidence provided to us makes it clear that Mr. Torres is owed approximately **$34,320.00** in unpaid overtime by El Mago, broken down as follows: Mr. Torres worked around 4,576 hours from December 1, 2020, to December 1, 2022. Mr. Torres was not paid one and one-half times his regular rate of pay per overtime hours worked.

In addition, El Mago used to make improper deductions from Mr. Torres' weekly checks in the amount of $60.00, to pay for the company's worker's compensation insurance. This increases the amount of this claim by an additional **$6,240.00**.

Take into consideration that the FLSA allows employees to recover back wages and an equal amount in liquidated damages where overtime violations exist, which automatically doubles the amount Mr. Torres is entitled to; that would be **$81,120.00.**

Furthermore, your company is required to keep records of the hours worked each day and each workweek. Each failure to keep such records is illegal. We, therefore, make the presumption that your company has these records showing the hours worked by Mr. Torres for the entire duration of his agreement with El Mago.

## B. RETALIATION UNDER THE FAIR LABOR STANDARDS ACT (FLSA).

Section15 (a)(3) of the FLSA states that it is a violation for any person to *"discharge or in any other manner discriminated against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."*

A prima facie case of retaliation is established when: (1) the plaintiff was engaged in a protected activity; (2) the plaintiff was subjected to an adverse employment action, and (3) there is a causal link between the protected activity and the adverse action. Should this matter proceed to litigation, Mr. Torres will allege that he was unlawfully retaliated against for asserting his rights under the FLSA. Moreover, there is more than sufficient evidence that Mr. Torres' termination was caused for him asserting his rights under the FLSA.

Mr. Torres' discharge and its aftermath have caused Mr. Torres economic damages, including lost wages and benefits, among others, as a result of his retaliatory discharge. There is no way Mr. Torres can be fully compensated for all he suffered because of this retaliation. Nevertheless, the least that can be done is for El Mago compensates him for the full amount of economic damages resulting from the loss of his wages.

## DAMAGES.

Should Mr. Torres prevail in his claim for violation of the FLSA, he will be entitled to an award of all available remedies. Punitive damages may be available as well if the employer acts with malice or reckless indifference. Finally, the FLSA would entitle Mr. Torres to an award of attorney's fees and litigation costs, which, as you are aware, are typically substantial in complex employment litigation claims. Thus, under these assertions and concepts, Mr. Torres could be awarded the amount of **$81,120.00,** which corresponds to the unpaid wages in violation of the FLSA, and **$31,200.00**, for his retaliatory discharge, as we stated *supra.*

Take into account that under the FLSA, we have the option to convert this claim into a class action claim for those who, like Mr. Torres, were deprived of the payment of the appropriate wage during their tenure with El Mago.

## CONCLUSION AND DEMAND.

Our firm frequently finds that it is often in the best interests of all parties to make a sincere effort to explore the possibility of an informal and confidential resolution of their disputes prior to invoking the litigation process. Should you interested in discussing such a possibility, please contact our office immediately after receipt of this demand.

After careful consideration of the issues involved in this claim, we believe that compensation in the amount of ONE HUNDRED TWELVE THOUSAND THREE HUNDRED TWENTY (**$112,320.00**) represents a fair settlement amount which is equivalent to the full amount of lost wages.

Please contact us within thirty (30) days of your receipt of this letter to see if we can resolve this claim in an amicable fashion prior to filing a lawsuit. If we do not receive any response from you, we will move forward and file a lawsuit against El Mago.

## DO NOT CONTACT MY CLIENT DIRECTLY

GOVERN YOURSELF ACCORDINGLY.

Respectfully,

Elvis J. Adan, Esq.

Gallardo Law Offices, P.A.

**Gallardo Law Firm**

CARMEN GALLARDO, ESQ. L.L.M.
JESUS NOVO, ESQ.
NATALIA TIMMONS, ESQ.

MARIA LOPEZ, ESQ.
JEAN PAUL CASTRO, ESQ
Only Attorney Practicing Exclusively
Immigration and Nationality Law

LEISY JIMENEZ, ESQ.
ELVIS J. ADAN, ESQ.
MARIA R. VARGAS, ESQ. L.L.M.
ANNABEL LEYVA ESQ.
LIANIBET MOREJON, ESQ.
IRENE ROMERO, ESQ.
Only Attorney Practicing Exclusively
Immigration and Nationality Law

January 26, 2023

**DELIVERED VIA U.S. MAIL**
BARREIRO'S SERVICE LLC.
6805 SW 10th Court
Pembroke Pine, FL 33023

**Re: WRITTEN DEMAND FOR FAIR LABOR STANDARDS ACT AND RETALIATION.**

Plaintiff : Jose Luis Torres
Defendant : Barreiro's Service LLC.
Date of discharge : December 1, 2022.

To whom it may concern:

Please be advised that our law firm has been retained by Mr. Torres to represent him with respect to the above-mentioned matter arising out of his employment with Barreiro's Service LLC. (Hereinafter referred to as "Barreiro's"). Based on our preliminary investigation, it is our opinion that Barreiro's has violated the Fair Labor Standards Act (hereinafter "FLSA"). There is sufficient evidence to prove that Barreiro's violated the FLSA when it failed to pay Mr. Torres the overtime he worked during his tenure at the company. Furthermore, Barreiro's unlawfully retaliated against Mr. Torres and terminated his employment in violation of the FLSA. Likewise, I am submitting the following demand for your review to determine if a settlement can be reached in an amicable fashion prior to litigation.

**STATEMENT OF FACTS.**

On or around December 1, 2016, Mr. Torres started working for Barreiro's as a laborer. Mr. Torres used to work 84 hours per week and was paid for all those hours at his regular rate, which was $15.00 per hour. Furthermore, Barreiro's used to make unlawful deductions from Mr. Torres' paychecks to pay the company's workers compensation insurance. Mr. Torres complained to his supervisor about these issues. Finally, Mr. Torres was terminated on December 1, 2022, in retaliation for Mr. Torres asserting his rights under the FLSA provisions.

Should this matter proceed to litigation, Mr. Torres will allege several claims of unlawful employment practices. Such claims will include, without limitation, the following:

## A. VIOLATION OF FAIR LABOR STANDARDS ACT 29 C.F.R 553 AND FLORIDA MINIMUM WAGE ACT.

The FLSA is a federal law that sets standards for minimum wage, overtime pay eligibility, record keeping, and child labor standards, affecting full-time and part-time workers in the private sector and in federal, state, and local governments. All employees that hold positions determined to be covered under the mandatory overtime provisions of the FLSA are covered. Under the FLSA covered employers shall pay each of their employees' wages at a rate not less than the minimum wage. Further, eligible employees must be compensated with overtime pay or compensatory time for all hours worked over forty (40) in a single workweek. The FLSA requires that covered employees receive not less than one and one-half times their regular rates of pay per hour worked in excess of the applicable maximum hours standard.

Mr. Torres worked eighty-four (84) hours per week without receiving the federal mandatory rate for overtime hours. Pursuant to the FLSA, he may bring a civil action in a court of law against your company to recover back wages plus damages and attorney's fees as a result of the violation of a federal law.

The evidence provided to us makes it clear that Mr. Torres is owed approximately **$34,320.00** in unpaid overtime by Barreiro's, broken down as follows: Mr. Torres worked around 4,576 hours from December 1, 2020, to December 1, 2022. Mr. Torres was not paid one and one-half times his regular rate of pay per overtime hours worked.

In addition, Barreiro's used to make improper deductions from Mr. Torres' weekly checks in the amount of $60.00, to pay for the company's worker's compensation insurance. This increases the amount of this claim by an additional **$6,240.00**.

Take into consideration that the FLSA allows employees to recover back wages and an equal amount in liquidated damages where overtime violations exist, which automatically doubles the amount Mr. Torres is entitled to; that would be **$81,120.00**.

Furthermore, your company is required to keep records of the hours worked each day and each workweek. Each failure to keep such records is illegal. We, therefore, make the presumption that your company has these records showing the hours worked by Mr. Torres for the entire duration of his agreement with Barreiro's.

## B. RETALIATION UNDER THE FAIR LABOR STANDARDS ACT (FLSA).

Section15 (a)(3) of the FLSA states that it is a violation for any person to *"discharge or in any other manner discriminated against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."*

A prima facie case of retaliation is established when: (1) the plaintiff was engaged in a protected activity; (2) the plaintiff was subjected to an adverse employment action, and (3) there is a causal link between the protected activity and the adverse action. Should this matter proceed to litigation, Mr. Torres will allege that he was unlawfully retaliated against for asserting his rights under the FLSA. Moreover, there is more than sufficient evidence that Mr. Torres' termination was caused for him asserting his rights under the FLSA.

Mr. Torres' discharge and its aftermath have caused Mr. Torres economic damages, including lost wages and benefits, among others, as a result of his retaliatory discharge. There is no way Mr. Torres can be fully compensated for all he suffered because of this retaliation. Nevertheless, the least that can be done is for Barreiro's compensates him for the full amount of economic damages resulting from the loss of his wages.

## DAMAGES.

Should Mr. Torres prevail in his claim for violation of the FLSA, he will be entitled to an award of all available remedies. Punitive damages may be available as well if the employer acts with malice or reckless indifference. Finally, the FLSA would entitle Mr. Torres to an award of attorney's fees and litigation costs, which, as you are aware, are typically substantial in complex employment litigation claims. Thus, under these assertions and concepts, Mr. Torres could be awarded the amount of **$81,120.00,** which corresponds to the unpaid wages in violation of the FLSA, and **$31,200.00**, for his retaliatory discharge, as we stated *supra.*

Take into account that under the FLSA, we have the option to convert this claim into a class action claim for those who, like Mr. Torres, were deprived of the payment of the appropriate wage during their tenure with Barreiro's.

## CONCLUSION AND DEMAND.

Our firm frequently finds that it is often in the best interests of all parties to make a sincere effort to explore the possibility of an informal and confidential resolution of their disputes prior to invoking the litigation process. Should you interested in discussing such a possibility, please contact our office immediately after receipt of this demand.

After careful consideration of the issues involved in this claim, we believe that compensation in the amount of ONE HUNDRED TWELVE THOUSAND THREE HUNDRED TWENTY (**$112,320.00**) represents a fair settlement amount which is equivalent to the full amount of lost wages.

Please contact us within thirty (30) days of your receipt of this letter to see if we can resolve this claim in an amicable fashion prior to filing a lawsuit. If we do not receive any response from you, we will move forward and file a lawsuit against Barreiro's.

### DO NOT CONTACT MY CLIENT DIRECTLY

GOVERN YOURSELF ACCORDINGLY.

Respectfully,

Elvis J. Adan, Esq.
Gallardo Law Offices, P.A.