UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-CV-61346-SINGHAL/VALLE

JOSE LUIS TORRES,

    Plaintiff,
v.

BARREIRO'S SERVICE LLC,
EL MAGO'S ROOFING CORP.,
DAYRON BARREIRO, AND
MERLYN SANTOS,

    Defendants.
_____/

**REPLY SUPPORTING**
**DEFENDANTS' MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiff's arguments do nothing to dispel the notion that the Complaint must be dismissed. Plaintiff improperly comingles distinct claims against multiple parties into the same Count in the Complaint, requiring dismissal. He acknowledges the failure to adequately allege the satisfaction of a condition precedent by improperly seeking to amend the Complaint through his Response to include the pre-suit notices he sent. As a final reason for dismissal, the Complaint fails to allege facts and is merely an amalgam of legal conclusions. Dismissal with prejudice is the proper result.

**II. ARGUMENT**

    **A.**    **The Complaint Is A Shotgun Pleading.**

Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (defining the four types of shotgun pleadings). Courts in the Eleventh Circuit have little tolerance for shotgun pleadings. *See generally Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955,

979–80 & n.54 (11th Cir. 2008) (collecting numerous cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). They waste scarce judicial resources, "inexorably broaden[ ] the scope of discovery," "wreak havoc on appellate court dockets," and "undermine[ ] the public's respect for the courts." *Id*. at 981–83 (detailing the "unacceptable consequences of shotgun pleading"). *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018).

> A shotgun pleading is "one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not comply with the standards of Rules 8(a) and 10(b)." *Woodley*, 472 F. Supp. 3d at 1201 (*quoting Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)). The Eleventh Circuit has described the different types of shotgun pleadings as follows:
>
> Though the groupings cannot be too finely drawn, we have identified four rough types of categories of shotgun pleadings. The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which defendants the claim is brought against.

*Hagle v. Royal Caribbean Cruises Ltd*., 2023 WL 3571292, at *5–6 (S.D. Fla. May 2, 2023), *report and recommendation adopted*, 2023 WL 3568130 (S.D. Fla. May 19, 2023) *citing Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015) (citation omitted).

One type of shotgun pleading as noted above, is where a complaint fails to "separate[ ] into a different count each cause of action or claim for relief." *Weiland* at 1322-23, n.13 (11th Cir. 2015). The complaint here is this type of shotgun pleading that ought to be dismissed. *Ortiz v. Carnival Corp.*, 2020 WL 6945958, at *1 (S.D. Fla. Nov. 25, 2020). Plaintiff comingles Defendants and claims to such an extent that it is impossible for Defendants to intelligently respond to the Complaint. There is no delineation of what any of the Defendants is alleged to have done, or why (other than lumping them together and connecting them with conclusory statements) they should be adjudicated together in a single Count.

The Complaint in this case is analogous to *Jackson v. Bank of Am., N.A.,* 898 F.3d 1348, 1358 (11th Cir. 2018):

> "The pleading is vague and ambiguous such that Bank of America has to guess as to the particular claims to which it individually should respond, and the facts upon which Plaintiffs rely in support." It further stated, correctly, that "the first sentence of each count adopts and re-alleges all prior paragraphs." It observed that "Count Fourteen ... 'simply amounts to an amalgamation of all counts of the complaint.' " (Quoting *PVC Windoors, Inc. v. Babbitbay Beach Constr.*, 598 F.3d 802, 806 (11th Cir. 2010) ). And, it explained, "With this type of drafting, Bank of America cannot know which factual allegations pertain to which of Plaintiffs' claims."

Defendants and claims are comingled, making it impossible to distinguish which claims pertain to which Defendant, compounded by the mention of phantom unnamed Defendants that may or may not be added to the claim at some point in time. *See Flaherty v. Royal Caribbean Cruises, Ltd. No. 15-22295*, 2015 WL 8227674, at \*3, \*5 nn. 3, 10 (S.D. Fla. Dec. 7, 2015) (dismissing as impermissible shotgun pleading counts that did not separate distinct claims of different failures to warn or separate distinct theories, and directing the plaintiff to separate the claims in an amended pleading and to "separate his apparent and actual agency theories into two separate counts of vicarious liability" so as to "promote clarity").

Plaintiff's Complaint fails to comport with the pleading requirements outlined in the Florida Rules of Civil Procedure and applicable case law and should be dismissed.

### B.  **Plaintiff's Complaint Offers Nothing More Than Legal Conclusions.**

The Complaint does not contain any facts to establish that the Defendants were an enterprise engaged in commerce nor that their actions subjected them to being a "joint enterprise" under the FLSA. Nowhere in the Complaint does Plaintiff allege the nature of the work performed by any of the Defendants, nor the type of he did for them, and instead merely and solely claims that Plaintiff was a "laborer." [ECF No. 1 at ¶7.] These types of conclusory allegations are insufficient:

> While Plaintiff does not need to plead detailed factual allegations, Plaintiff needs to plead sufficient facts which connect Defendants' business or her participation in their business to interstate commerce. See Burton v. Hillsborough County, Fla., 181 F. App't 829, 840 (11th Cir. 2006) (rejecting a "heightened pleading standard" for FLSA claims). **The Complaint, as plead, is insufficient**.

*White v. J.A.W. Entm't, Inc.*, 2023 WL 4763746, at \*2 (S.D. Fla. July 26, 2023).

Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Linet D. Ferrer, Plaintiff, v. T K Promotions, Inc.*, et al., Defendants., 2022 WL 509044, at *1 (S.D. Fla. Jan. 4, 2022) (citations omitted). Courts properly disregard legal conclusions unsupported by facts. *Santiago v. ACA Camp Geneva, Inc.*, 2017 WL 2578710, at *1 (M.D. Fla. June 14, 2017) (internal citation omitted).

> Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (internal citations omitted).

*Santiago* at *1.

Plaintiff cites no case decided by a Court within this District in the past five (5) years to avoid dismissal based on his inadequate factual allegations. Based on the lack of factual specificity, the Court cannot determine that any of the Defendants engaged in any business that would qualify as "interstate commerce" under the FLSA.

As noted above, Plaintiff merely makes a bare-bones assertion that Defendants are engaged in interstate commerce, and the only allegation regarding the Plaintiff's work is that he was a "laborer" for Defendants. The Complaint does not describe what activities the Plaintiff engaged in as a labor for Defendants or even the nature of Defendants' business/work.

The Supreme Court has articulated that it is the intent of Congress to regulate only activities constituting interstate commerce, not activities merely affecting commerce. *McLeod v. Threlkeld*, 319 U.S. 491, 497, 63 S.Ct. 1248, 87 L.Ed. 1538. Therefore, for an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, e.g., transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, e.g., regular and recurrent use of interstate telephone, telegraph, mails, or travel. 29 C.F.R. § 776.23(d)(2) (2005); 29 C.F.R. § 776.24 (2005). *See, e.g., McLeod*, 319 U.S. at 493–98, 63 S.Ct. 1248 (finding that plaintiff's activities were purely

local, and he was not engaged in commerce when he merely cooked and cleaned for railroad workers). *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006). "[T]he fact that some of the tools he purchased may have crossed state lines at a previous time does not in itself implicate interstate commerce. When goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intra*state movement of the goods are not covered under the Act." *Thorne* at 1267 (citation omitted).

Much like Plaintiff's interstate commerce allegations, Plaintiff also fails to properly allege joint enterprise under the FLSA. Again, Plaintiff makes bare bones allegations regarding "activities" and "business purposes" but adds nothing specific regarding Plaintiff.

[T]o proceed under this joint enterprise theory, a plaintiff must at least allege facts which demonstrate the two businesses: (1) performed related activities, (2) through a unified operation or common control, and (3) for a common business purpose. 29 C.F.R. § 779.202; *Donovan v. Easton Land & Dev., Inc.*, 723 F.2d 1549, 1551 (11th Cir.1984); *Jimenez v. Southern Parking, Inc.*, No. 07–23156, 2008 WL 4279618, at *9 (S.D.Fla.2008). *Gonzalez v. Old Lisbon Rest. & Bar L.L.C.*, 820 F. Supp. 2d 1365, 1368 (S.D. Fla. 2011). Plaintiff did not.

In *Gonzalez*, the Court analyzed the allegations contained in Plaintiff's complaint regarding joint enterprise:

> The Court carefully reviewed Plaintiff's Amended Complaint but was unable to find any well-pleaded allegations that Defendants performed related activities for a common business purpose. Plaintiff relies on paragraph ten to oppose Defendants' motion. In total, this paragraph provides that:
>
> > Defendants Old Lisbon Restaurant & Bar LLC and Old Lisbon Sunset LLC are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the these two limited liability companies, performed through unified operation and common control, are being done for a common business purpose.
> > [ECF No. 11, ¶ 10].
>
> **This paragraph is insufficient to state a claim under a joint enterprise** theory because it contains only bare legal conclusions and does not specifically allege any actual facts describing Defendants or their businesses. *See Perez v. Muab*, Inc., No. 10–62441–Civ, 2011 WL 845818, at *1–2 (S.D.Fla. March 7, 2011) (dismissing a complaint after concluding that enterprise coverage allegations were "devoid of facts" when plaintiff alleged only that defendant "is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C.

> § 203(d) (and (s)(1), which has employees subject to the provisions of the FLSA ... in the store where Perez was employed")); *Kendrick v. Eagle Int'l Grp., LLC*, No. 08–80909–CIV, 2009 WL 3855227, at *3 (S.D.Fla. Nov. 17, 2009) (dismissing FLSA complaint where plaintiff "failed to allege a single fact to support her legal conclusion that [defendant] ... is an employer under the FLSA").

*Gonzalez* at 1368–69 (emphasis added). In his Complaint, Plaintiff merely alleges:

> …as part of a **joint enterprise** with the other corporate Defendant named herein, or which are as of yet known but will be revealed through further discovery. To the extent that Defendant operated as part of a **joint enterprise**, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common businesses purposes related to the work performed by Plaintiff for Defendant.

[ECF No. 1 at 3 and 6]. Much like *Gonzalez*, *supra.*, the Complaint fails to sufficiently state a claim under a joint enterprise theory because it contains only bare legal conclusions and does not allege any facts describing Defendants, their relationship, or their businesses. *Id.*

### C.     The Florida Minimum Wage Claim Is Properly Dismissed.

Plaintiff agrees that his claim under the Florida Minimum Wage Act must be dismissed by directing the Court to allegations and information not contained in the initial Complaint. [ECF No. 24-1.] The Court properly considers the pre-suit notice letters appended to the Response in determining that he failed to comply with the requirements imposed by Fla. Stat. §448.110(6)(a). *See Hayes v. Coco Dulce, Inc.*, 2019 WL 7371838, at *4 (S.D. Fla. Aug. 9, 2019) (granting motion to dismiss Florida minimum wage act claims with prejudice after considering demand letter appended to response to motion to dismiss was defective).

Section 448.110, Florida Statutes, "…is in derogation of the common law rule that each party is responsible for its own fees." *Pratt v. Weiss*, 161 So. 3d 1268, 1271 (Fla. 2015) (in discussing Fla. Stat. §768.79 and Fla. R. Civ. P. 1.442.) A Florida statute awarding attorneys' fees is in derogation of the common law of Florida and must be "strictly construed." *Royal Palm Vill. Residents, Inc. v. Slider*, 57 F.4th 960, 963 (11th Cir. 2023); *see also Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003) ("statute and rule are in derogation of the common law rule that each party pay its own fees" were required to be "strictly constructed") (*citing Major League Baseball v. Morsani*, 790 So.2d 1071, 1077–78 (Fla.2001) ("[A] statute enacted in derogation of the common law must be strictly construed…."); *Dade County v. Pena*, 664 So.2d 959, 960 (Fla.1995) ("[I]t is also

a well-established rule in Florida that 'statutes awarding attorney's fees must be strictly construed.' *Gershuny v. Martin McFall Messenger Anesthesia Professional Ass'n*, 539 So.2d 1131, 1132 (Fla.1989).")")

Mr. Torres' FMWA pre-suit demand letters that required Defendants to pay "liquidated damages" and failed to identify the minimum wage at issue fails is necessarily defective and requires dismissal with prejudice of his FMWA claim. [ECF No. 24-1.]

> **Simply put, liquidated damages and attorneys' fees are only available to a plaintiff who prevails in an action brought under FMWA**. Florida Statute, Section 448.110(6)(c)(1) ("Upon prevailing in an action brought pursuant to this section, aggrieved persons shall recover the full amount of any unpaid back wages unlawfully withheld plus the same amount as liquidated damages and shall be awarded reasonable attorney's fees and costs.") An employer is not required to pay liquidated damages or attorneys' fees when it is tendering all unpaid wages in response to a plaintiff's statutorily mandated pre-suit demand. Therefore, unlike the Fair Labor Standards Act, the FMWA clearly contemplates that an employer who resolves FMWA claims within the prescribed time frame allowed in the statute would not be liable for liquidated damages or attorneys' fees. For these reasons, the undersigned finds that the August 1, 2010, and August 24, 2010 <u>**notices in which plaintiffs sought a lump sum which allegedly represented unpaid minimum wages, liquidated damages and attorneys' fees was improper and violated the provisions of the FMWA**</u>. Accordingly, the undersigned **recommends that Count III of the Amended Complaint be dismissed for failure to comply with the pre-suit notice requirement**. [*Emphasis added*.]

*Johnson v. Nobu Associates S. Beach, LP*, 2011 WL 780028, at *4 (S.D. Fla. Feb. 4, 2011), *report and recommendation adopted,* 2011 WL 772874 (S.D. Fla. Feb. 28, 2011). *Accord Tadili v. Ferber*, 2013 WL 12101132, at *2 (S.D. Fla. Nov. 22, 2013).

One of the problems with Mr. Torres' pre-suit notice letter, like the fatal flaw with the notice letters sent in *Tadili* and *Johnson*, is that it does not incentivize an employer to make a pre-suit tender of the minimum wages (only) allegedly owed under the FMWA. In *Johnson*, the plaintiff sent a pre-suit notice requesting damages he was not entitled to under the statute—i.e., liquidated damages and attorneys' fees—and Judge King noted that "permitting counsel to inflate the notice of deficiency would [ ] undercut the statutory intent of the [FMWA]" to properly compensate an employee. *Ferrer v. T K Promotions, Inc.*, 2022 WL 509044, at *2 (S.D. Fla. Jan. 4, 2022) (*quoting Johnson v. Nobu Assoc. S. Beach*, 2011 WL 772874, at *1 (S.D. Fla. Feb. 28, 2011).

Likewise, in *Tadili*, "Plaintiff's pre-suit notice also requests liquidated damages, attorneys' fees and costs." 2013 WL 12101132, at *2. As a result, the Court decided that "Defendants are

entitled to summary judgment on the Florida unpaid wages claim due to Plaintiff's defective pre-suit notice." *Id.* "Specifically, the statute requires the aggrieved person to include in the pre-suit notice 'the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of the alleged unpaid wages through the date of the notice.'" *Acosta v. Del Pino*, 2012 WL 13129961, at *8 (S.D. Fla. May 25, 2012), *report and recommendation adopted sub nom. Acosta v. Rodriguez Del Pino*, 2012 WL 13129958 (S.D. Fla. July 9, 2012) (citing Fla. Stat. § 448.110(6)(a).)

In addition, the FMWA demand letters do not comply with the Fla. Stat. §448.110(6)(a) by failing to include the applicable minimum wage rate and condition a resolution on the payment of alleged overtime wages and liquidated damages. These conditions are contrary to the explicit requirements of the statute, rendering the pre-suit notice defective and requiring the dismissal of his FMWA claims with prejudice.

In *Epsilantis v. Scozzari Roof Services Contracting & Consulting Inc.*, 2021 WL 10725013, at *5 (S.D. Fla. Nov. 19, 2021), the Court determined that the FMWA was not unconstitutional or preempted by the FLSA and required the pre-suit notice letter to strictly comply with Fla. Stat. §448.110(6) as a condition precedent to pursuing a claim under the FMWA.

Although there is no case on point from an appellate court in Florida, analogous Florida appellate court decisions require strict compliance with pre-suit conditions precedent imposed by statute. The FMWA is not the only Florida Statute to impose a condition precedent. Section 628.736(10), Florida Statutes imposes specific conditions precedent to filing a PIP lawsuit against an insurer. In finding that an insured's pre-suit demand letter was defective, the Third District Court of Appeal agreed with the Fourth District Court of Appeal that compliance with the statutory condition precedent "requires precision in a demand letter." *Rivera v. State Farm Mut. Auto. Ins. Co.*, 317 So. 3d 197, 205 (Fla. 3d DCA 2021) (*quoting MRI Associates of America, LLC v. State Farm Fire & Casualty Company*, 61 So. 3d 462, 465 (Fla. 4th DCA 2011)). Likewise in the context of compliance with the pre-suit requirements imposed by Fla. Stat. §766.106(2), the Florida Supreme Court rejected the argument that strict compliance with the notice provision was not required.

Courts also have found that serving a pre-suit notice letter that demands significantly more in minimum wages than in the lawsuit also undermines invalidates the notice letter. *Cruz v. Trinity Pruf Creations Inc.*, 2015 WL 12743768, at *2 (S.D. Fla. Mar. 12, 2015). The purpose of the demand

letter is to provide an opportunity to correct any alleged violations. *See generally Nat'l Parks & Conservation Ass'n, Inc. v. Tennessee Valley Auth.*, 502 F.3d 1316 (11th Cir. 2007) (Pre-suit notice requirements for citizen suits under Clean Air Act are strictly construed to give alleged violator opportunity to correct problem before lawsuit is filed). Defendants had no meaningful opportunity to correct any alleged violations or even evaluate the Plaintiff's claim because of the arbitrary numbers and irrelevant information contained in the purported demand letter.

Suits brought pursuant to the FMWA must comply with the statute's pre-suit notice requirements. The FMWA requires that prior to bringing a claim for unpaid wages pursuant to Fla. Stat. § 448.110, an aggrieved person must notify the employer in writing of an intent to initiate the action. Fla. Stat. § 448.110(6)(a). "*The notice must identify the minimum wage to which the person aggrieved claims entitlement, the actual or estimated work dates and hours for which payment is sought, and the total amount of alleged unpaid wages through the date of the notice.*" Id. The FMWA provides the employer with fifteen (15) days after receipt of the notice to pay the total amount of unpaid wages or otherwise settle the dispute, and if the employer fails to do so, the aggrieved person may then bring suit. Fla. Stat. § 448.110(6)(b). Failure to comply with the FMWA's pre-suit notice requirement will result in dismissal of the claim. *See e.g., Garcia–Celestino v. Ruiz Harvesting, Inc.*, No. 2:10–cv–542–FtM–38DNF, 2013 WL 3816730, at *17 (M.D.Fla. July 22, 2013); *Villafana v. Feeding South Florida*, Inc., No. 13–60760–CIV, 2013 WL 2646729, at *5 (S.D.Fla. June 12, 2013); *Gomez v. Kern*, No. 12–20622–CIV, 2012 WL 1069186, at *2 (S.D.Fla. Mar.29, 2012) *Nichols v. Lab'y Corp. of Am.*, No. 2:13-CV-848-FTM-38, 2014 WL 820656, at *3 (M.D. Fla. Mar. 3, 2014).

Plaintiff's demand letter violates the spirit of the purpose of the demand letter and the Florida Minimum Wage Act, which is to avoid unnecessary litigation. Plaintiff's demand letter conditioned avoidance of litigation on paying more than the FMWA requires pre-suit. *Johnson and Cruz, supra.* Therefore, the Court can readily determine that the condition precedent was not met.

### III. CONCLUSION

Defendants respectfully request this Court to dismiss Plaintiff's Complaint with prejudice based on their Motion to Dismiss and the foregoing.

Respectfully submitted this 27th day of October 2023,

                                            s/Brian H. Pollock, Esq.
                                            Brian H. Pollock, Esq.
                                            Fla. Bar No. 174742
                                            brian@fairlawattorney.com
                                            FAIRLAW FIRM
                                            135 San Lorenzo Avenue
                                            Suite 770
                                            Coral Gables, FL 33146
                                            Tel:    305.230.4884
                                            *Counsel for Defendants*